IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEON MCKINLEY DICKERSON, SR., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>GLOBAL TEL LINK CORPORATION, )<br>d/b/a Viapath Technologies, *et al.*, )<br>    Defendants. ) | Civil Action No. 7:23-cv-00082<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Leon McKinley Dickerson, Sr., an inmate in the custody of the Blue Ridge Regional Jail's Amherst County Adult Detention Center ("ACADC") and proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. The case is before the court for review pursuant to 28 U.S.C. § 1915A(a) and 42 U.S.C. § 1997e(c). For the reasons set forth below, the court concludes that Dickerson has failed to state a claim for which relief can be granted, and his claims must be dismissed.

I. BACKGROUND

Dickerson's complaint alleges that, since November 18, 2022, and at least through the signing of his complaint on February 1, 2023, he has been unable to open his mail on the tablet used to access mail at ACADC. He explains that he has written grievances and complained about the problem, but that it has not been fixed. He states that he has been told ACADC has a "ticket on the problem," and he alleges that they "finally"—on January 20, 2023—removed another inmate's name and mail from his mail account. (Compl. 2, Dkt. No. 1.) He further alleges that he "received a mail scan" on January 30, but still "no mail." (*Id.*) As a result of these problems, he contends that the "mail system is unsafe for inmates." (*Id.*)

Dickerson's complaint names three defendants: Global Tel Link Corporation (d/b/a Viapath Technologies), Consumer Services (TelMate) LLC,[1] and Major Schmitt. (*Id.* at 1.) None of the defendants are discussed anywhere in the body of his complaint, though. Thus, his complaint does not identify what role any of these defendants played in the events at issue. For purposes of this opinion, the court presumes that the first two defendants are somehow involved in the provision of mail to inmates at ACADC via the tablet.[2]

Dickerson's complaint does not reference any particular constitutional amendment and does not title his claims. The court construes his complaint as asserting a First Amendment claim based on the fact that he has been unable to access his mail for more than two months. For relief, he seeks asks that defendants be ordered "to fix this system or scrap it." (*Id.* at 3.) He also seeks $30,000 in nominal, compensatory, and punitive damages "for them intentionally not sending [his] mail still." (*Id.*)

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 42 U.S.C. § 1997e(c)(1) (requiring the court to dismiss any § 1983 case brought with respect to "prison conditions" if it is frivolous or fails to state a claim upon which relief can be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted

---

[1] In describing this defendant, Dickerson's complaint also includes the words, "California Department of Consumer Affairs." That entity, however, does not appear to be listed as a separate defendant.

[2] To state a claim against a § 1983 defendant, Dickerson must allege that the defendant acted "under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). His complaint contains no specific description of the defendants and does not discuss them at all, so it is unclear whether the first two defendants acted under color of state law. Because the court is dismissing Dickerson's claim on its merits, however, it does not reach this issue.

by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Dickerson's complaint, the court concludes that it fails to state a claim for which relief can be granted. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

## A. First Amendment Claim Alleging Denial of Access to Courts

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). As to his claim that his First Amendment rights were violated by defendants' conduct, Dickerson has not plausibly alleged sufficient facts to state such a claim.

Interference with an inmate's mail *may* state a cognizable claim under § 1983. The Supreme Court has recognized that prisoners have protected First Amendment interests both in sending and in receiving mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987). In addition to his access to *legal* mail, a prisoner's receipt of non-legal mail also implicates First Amendment rights. *See Woolfork v. Chesapeake Mail Clerk*, No. 1:09CV198 AJT/TCB, 2009 WL 7024994, at *1 (E.D. Va. Apr. 15, 2009) (recognizing same), *aff'd*, 332 F. App'x 71 (4th Cir. 2009). Thus, it is possible for a prisoner to state a First Amendment claim based on interference with non-legal mail. *See, e.g.*, *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir.1987) (allegations that prison officials "repeatedly and intentionally withheld otherwise unobjectionable materials from ever reaching" plaintiff held to state a First Amendment claim).

3

Nonetheless, courts

> uniformly recognize that a relatively isolated or short-term disruption of a prisoner's receipt of his mail, legal or otherwise, does not rise to the level of a constitutional deprivation. *White v. White*, 886 F.2d 721, 724 (4th Cir.1989) (§ 1983 complaint dismissed as frivolous where prisoner's allegations of disruption in his attempts to mail legal correspondence were "speculative" and included no claim of actual injury); *see also Sizemore*, 829 F.2d at 612 (even "persistent" short-term delays in prisoners' receipt of mail do not raise constitutional concerns); *Rose v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (relatively short-term and sporadic delays in prisoner's receipt of nonlegal mail did not violate his First Amendment or due process rights); *Langlois v. Dane Co. Sheriff's Office*, 2008 WL 4722993 at *1 (W.D. Wis. Oct. 23, 2008) (single ten-day delay in prisoner's receipt of personal mail "too brief to violate the First Amendment"); *Harksen v. Braxton*, No. 7:04-cv-00243, 2004 WL 5645580 at *2 (W.D. Va. Nov. 9, 2004) (prison's retention of outgoing non-legal mail for 30 days did not "pose an atypical hardship in relation to ordinary incidents of prison life" and hence did not state a cause of action under § 1983) . . . ."

*Woolfork*, 2009 WL 7024994, at *1; *see also Blake v. Stepp*, No. 3:20-CV-00178, 2020 WL 2950411, at *2 (S.D.W. Va. Apr. 30, 2020) (collecting authority for same proposition), *report and recommendation adopted,* No. CV 3:20-0178, 2020 WL 2945556 (S.D.W. Va. June 3, 2020)

Here, the period of time that Dickerson has been deprived of access to his mail was more than two months as of the filing of the complaint. Thus, it is a longer delay than the delays in most of the cases discussed above. But another factor heavily weighs against finding any constitutional violation. In particular, Dickerson's complaint makes plain that there are efforts being made to address the problem with his mail account. Indeed, although Dickerson once states that unspecified persons are "intentionally" not sending his mail, he offers no facts to support that assertion. To the contrary, the facts he has alleged reflect that personnel at ACADC have recognized the problem and have stated they are working to address it. Indeed, at least part of whatever problem there is with the account was solved when the other inmate's name was

removed from Dickerson's account.  Additionally, he admits that he also has now received a mail scan, which appears to be another step toward resolution of the problems with his account.

Significantly, courts have noted that "negligent interference with an inmate's legal mail does not state an actionable claim under § 1983." *Arehart v. Robinson*, No. 7:06-CV-00268, 2006 WL 1288316, at *2 (W.D. Va. May 5, 2006); *Williams v. S.C. Dep't of Corr.*, No. CV 9:17-3421-CMC-BM, 2018 WL 1186813, at *3 (D.S.C. Feb. 9, 2018) ("[A]n occasional, negligent delay or interference with personal or legal mail, without more, does not impose a deprivation of constitutional proportions."), *report and recommendation adopted sub nom. Williams v. United States*, No. 9:17-CV-3421-CMC, 2018 WL 1174417 (D.S.C. Mar. 6, 2018); *Galeas v. Inpold*, 845 F. Supp. 2d 685, 687–88 (W.D.N.C. 2012) (reasoning that an allegation that officer negligently lost two incoming mail packages from prisoner-plaintiff's mother did not state a constitutional claim).  *Cf. Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995) (holding that a *negligent* interference with an inmate's right of access to the courts did not state a § 1983 civil rights violation).  Under this authority, and absent any facts to support an assertion that the problems with Dickerson's mail account or delays in fixing them were intentional, Dickerson has pled only a negligent interference with his incoming mail.  Accordingly, he has failed to state a viable First Amendment claim.

Furthermore, as to the only ACADC employee he names, Maj. Schmitt, Dickerson does not explain what actions Maj. Schmitt himself took with respect to the mail account or attempts to fix the problem.  *See Iqbal*, 556 U.S. at 676 (noting that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  This principle was recently reiterated by the Fourth Circuit in *Langford v. Joyner*, where the court emphasized that to state a claim under § 1983, a plaintiff's complaint

must include "specific factual allegations for each defendant." 62 F. 4th 122, 125 (4th Cir. 2023).

For all of these reasons, the court concludes that Dickerson's complaint fails to state a claim for which relief can be granted, and it must be dismissed.

### III.  CONCLUSION

For the foregoing reasons, the court will summarily dismiss Dickerson's complaint, pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1), for failing to state a claim upon which relief may be granted.

An appropriate order will be entered.

Entered: April 20, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge